

# Fourth Court of Appeals
## San Antonio, Texas

October 14, 2021

No. 04-21-00284-CV

Ronald Dean **STRICKLAND,**
Appellant

v.

**IHEARTMEDIA, INC.,** Stephen L. Schaefer, and John and Jane Does,
Appellees

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CVDO-21-0000063
Honorable M. Rex Emerson, Judge Presiding

# O R D E R

The reporter's record was originally due on September 13, 2021. On September 20, 2021, court reporter Paula Beaver filed a notification of late record, notifying this court that the reporter's record has not been filed because appellant, proceeding *pro se*, has failed to request the record. On September 21, 2021, this court ordered appellant to provide written proof that he had requested the court reporter to prepare the reporter's record.

On September 20, 2021, appellees filed a letter with this court stating that appellees challenged appellant's "Statement of Inability to Pay Costs of Appeal or Post Appeal Bond," which appellant filed with the trial court. On September 22, 2021, the trial court clerk filed a supplemental clerk's record, containing the trial court's order, signed on September 17, 2021, denying appellant's Statement of Inability to Pay. On September 27, 2021, appellant filed a "Brief on the Merits," in which he argues the trial court erred "in excluding critical evidence presented at the hearing on September 16, 2021," and in denying his Statement of Inability to Pay. Appellant also filed an affidavit, a "Notice of Appeal," and a request for the reporter's record related to the denial of his Statement of Inability to Pay.

Rule 20.1 of the Texas Rules of Appellate Procedure specifies that fees charged for preparation of the appellate record are governed by Texas Rule of Civil Procedure 145. Rule 145 requires a party who cannot afford the payment of court costs to file a Statement of Inability to Afford Payment of Court Costs. TEX. R. CIV. P. 145(b). Under Rule 145, court costs include fees charged by a court reporter for preparation of the appellate record, and the party who files the statement is considered a "declarant." *Id.* R. 145(a)–(b). Rule 145 further provides that a

declarant may challenge a trial court order under Rule 145 by filing a motion, within 10 days of the trial court's order, in the court of appeals. *Id.* R. 145(g)(1)–(2). "The declarant is not required to pay any filing fees related to the motion in the court of appeals." *Id.* R. 145(g)(1). Additionally:

> After a motion is filed, the court of appeals must promptly send notice to the trial court clerk and the court reporter requesting preparation of the record of all trial court proceedings on the declarant's claim of indigence. The court may set a deadline for filing the record. The record must be provided without charge.

*Id.* R. 145(g)(3).

Therefore, pursuant to Rule 145 of the Texas Rules of Civil Procedure, we ORDER the trial court clerk and court reporter to file the record of all trial court proceedings on appellant's claim of indigency with this court on or before **October 29, 2021**. We further ORDER appellees to file a response, if any, in support of the trial court's order on or before **November 5, 2021**.

_____
Rebeca C. Martinez, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 14th day of October, 2021.

_____
MICHAEL A. CRUZ, Clerk of Court